**George Darrell STAGGS, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., et al., Defendants.**

**No. 82 C 4658.**

United States District Court, N.D. Illinois, E.D.

Sept. 6, 1983.

Anthony Intini, III, Intini & Assoc., Chicago, Ill., for plaintiff.

Joseph J. Hasman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Northwest Airlines, Inc.

Sheldon Charone, David Mathews, Carmell, Charone & Widmer, Chicago, Ill., for International Association of Machinists and Aerospace Workers, District Lodge No. 143.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, George Darrell Staggs ("Staggs"), filed this action on July 27, 1982, against his former employer, North-

west Airlines, Inc. ("Northwest"), and his former union, International Association of Machinists and Aerospace Workers, District Lodge No. 143 ("IAM"), pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* Staggs alleges that IAM breached its duty of fair representation and that Northwest breached his rights under the collective bargaining agreement in wrongfully discharging him from its employ. Defendants moved to dismiss the complaint, contending, in part, that it was untimely filed. In a memorandum opinion and order issued on May 13, 1983, 592 F.Supp. 165, this court found that, at least for purposes of choosing a limitations rule, Staggs' unfair representation claim was analagous to an unfair labor practice claim under the National Labor Relations Act ("NLRA"). Accordingly, the Court held that it would apply the six-month limitations rule of section 10(b) of the NLRA, 29 U.S.C. § 160(b), to the case at bar. The court, however, denied IAM's motion without prejudice, and ordered a limited preliminary hearing on the statute of limitations issue. Northwest's motion was stayed pending resolution of the limitations issue. The preliminary hearing having taken place on July 28, 1983, and August 4, 1983, the court hereby enters the following findings of fact and conclusions of law.

## I.   *Findings of Fact.*[1]

On September 30, 1981, the Northwest Airlines International Association of Machinists and Aerospace Workers System Board of Adjustment ("the Board") held a hearing on Staggs' appeal of his discharge. The Board, in a decision issued on November 13, 1981, found that Staggs' discharge was valid. Ronald Anderson ("Anderson"), General Chairman of IAM Local No. 143, testified that he telephoned Staggs on November 19, 1981, and advised him that the Board had sustained his discharge. This was apparently in accordance with Anderson's usual procedure of advising grievants

of the outcome of their cases before the Board. The overall credibility of Anderson's testimony, together with the rather poor memory and uncertainty displayed by Staggs at his deposition, compels the court to conclude that Staggs was in fact notified of the Board's decision on November 19, 1981.

## II.   *Conclusions of Law.*

In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations set forth in section 10(b) of the NLRA governs suits against an employer and a union which allege that the employer breached a provision of the collective bargaining agreement and that the union breached its duty of fair representation by mishandling the ensuing grievance and arbitration proceedings. The court finds this holding equally applicable to the case at bar, brought pursuant to the RLA, under the reasoning set forth in its May 13, 1983, memorandum opinion and order. Since Staggs did not commence this action until July 27, 1982, more than six months after the date he was notified of the Board's decision, his claim against both IAM and Northwest is time barred.

For the reasons stated above, judgment is hereby entered for the defendants and against the plaintiff. The cause is ordered dismissed.

---

**1.** In its May 13, 1983, memorandum opinion and order, this court set forth the factual background giving rise to the complaint. Rather than repeating that background here, the court will simply set forth its findings on the specific issue presented, namely, whether Staggs' claim is time barred.